### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WALTER J. BRZOWSKI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9961 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS WARDEN | ) | |
| MICHAEL MELVIN, | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM ORDER

This action, brought pro se by state prisoner Walter J. Brzowski ("Brzowski"), is his

second federal effort to gain relief from his current imprisonment. After Brzowski's Petition for

Habeas Corpus Discharge Instanter (the "Petition") was initially filed in the United States

District Court for the Central District of Illinois on October 19 of this year, the action was

quickly transferred to this Northern District of Illinois (it was received in the Clerk's Office here

on October 24) and was assigned at random to this Court's calendar. This Court promptly

inquired of its colleague Honorable Jorge Alonso as to the nature and status of Brzowski's first

28 U.S.C. § 2254[1] effort, and it learned from him (1) that the subject matter of the two actions

was entirely different and (2) that the earlier action (Brzowski v. Warden Nicholas Lamb, 14 C

4014) had been finally resolved (see Judge Alonso's October 30 order in that case) and was

already on appeal. This Court therefore turned to the preliminary review of the Petition called

_____

[1] Further citations to provisions of Title 28 will simply take the form "Section --"
omitting the prefatory "28 U.S.C. §".

for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

("Section 2254 Rules").

In brief, what Brzowski complains of in this action is that he has continued to be held in

custody beyond the date when he was entitled to be released from prison, having served his full

term less applicable credits. That contention calls for a response from the State of Illinois

(perhaps including the questions whether this case properly seeks relief under Section 2254 or

should instead be considered in terms of the time-hallowed Great Writ now embodied in Section

2241 -- and if so, what the significance of that possible distinction might be).

Accordingly the Illinois Attorney General's Office is ordered to file an answer to the

Petition on or before December 9, 2016 (see Section 2254 Rule 5). This action is set for an

initial status hearing at 9 a.m. on December 16, 2016 [2]

Milton I. Shadur
Date: November 4, 2016           Senior United States District Judge

_____
[2] It is hoped that the timetable set in the text will suffice for a thoroughly prepared response by the Attorney General's Office. After all, the nature of Brzowski's current claim should not involve dredging up, reviewing and submitting extensive materials from his original conviction and ensuing state court appeals, as is typically involved in most Section 2254 litigation (see Section 2254 Rule 5(c) and (d)) -- and if it develops that Brzowski is right in his claim and that he is entitled to immediate release, prompt consideration of the merits of his claim would best serve the interests of justice. If however the Attorney General's Office finds the allotted time inadequate, a motion for extension should be noticed up before this Court and will be dealt with appropriately.