# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WALTER J. BRZOWSKI, M292120, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16 C 9961 |
| ) | |
| MICHAEL MELVIN, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM ORDER

After the Petition for Habeas Corpus Discharge Instanter (the "Petition") was filed pro se by state prisoner Walter Brzowski ("Brzowski") in the United States District Court for the Central District of Illinois on October 19 of this year, the case was transferred to this Northern District of Illinois and was assigned at random to this Court's calendar. This Court then issued a November 4 memorandum order requiring the Illinois Attorney General's Office to file an answer to the Petition on or before December 9.

That order was thoroughly complied with by a Motion To Dismiss Habeas Petition as Unexhausted (the "Motion") filed on December 1, with a copy having been transmitted to Brzowski at his place of confinement, the Pontiac Correctional Center. Although the Motion appeared to be unanswerable because Brzowski had never fulfilled the basic requirement of raising his claims throughout one complete round of the normal state court appellate review, including a petition for leave to appeal to the Illinois Supreme Court (see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)), this Court awaited an early response by Brzowski -- and it did so out of an abundance of caution, because Rule 4 of the Rules Governing Section 2254 cases in the

United States District Courts did not require that step to be taken. As that Rule reads in relevant part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Nothing has been forthcoming from Brzowski to cure that fundamental flaw in his Petition. It is denied, and this action is dismissed, on that ground. This court expresses no view as to the substantial viability or lack of viability of his claims.[1]

_____
Milton I. Shadur
Date: December 23, 2016                         Senior United States District Judge

---

[1] As an adjunct to the Motion, the respondent Warden's counsel has referred to an order by this District Court Executive Committee, dating back to an original entry of September 18, 2008, under which the District Court's clerk was directed "to destroy any papers submitted either directly or indirectly by or on behalf of Walter J. Brzowski." And that directive is still operative -- most recently the Executive Committee entered an order on January 13 of this year under which that prohibition is to remain in force until January 13, 2017. It may be questionable whether that order, which stemmed from conduct by Brzoswski in matters wholly apart from issues regarding his current imprisonment, should apply to his habeas Petition -- but in any event this Court has not treated that prohibition as applicable to the case before this Court.