IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **WALTER J. BRZOWSKI**, M29120, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9961 |
| | ) | |
| **ILLINOIS DEPARTMENT OF CORRECTIONS WARDEN MICHAEL MELVIN,** | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM ORDER**

     This pro se action by state court prisoner Walter Brzowski ("Brzowski") seeks to invoke 28 U.S.C. § 2254 ("Section 2254") as a constitutional challenge to his continued detention in the Illinois state court system. It was initially filed in the United States District Court for the Central District of Illinois, which quickly transferred the action to this Northern District of Illinois, where it was assigned to this Court's calendar. When this Court inquired of its colleague Honorable Jorge Alonso about an earlier Section 2254 Petition by Brzowski that had been assigned to his calendar, it learned that the subject matter of the two actions was entirely different and that the earlier action had been fully resolved and was already on appeal. This Court then swiftly addressed the subject of this action.

     What ensued thereafter regrettably resembled a ping-pong exchange, principally attributable to the failure of this District Court's Clerk's Office to docket pro se filings that had been submitted by Brzowski in response to the motion to dismiss his Petition that had been filed by counsel for respondent Warden Michael Melvin -- and Brzowski had submitted those

responsive filings <u>before</u> the December 16 due date that this Court had set for such a response. It was only after this Court had issued a December 23 memorandum order (the "Order") granting the Warden's pending motion to dismiss the Petition -- a grant predicated on the mistaken premise that Brzowski had not met that December 16 due date -- that Brzowski's earlier and timely-filed responsive documents turned up in this Court's regular review of ECF filings over the ensuing weekend. Hence this Court issued another memorandum order on December 28 that ended with this paragraph:

> Under the circumstances this Court vacates its December 23 memorandum order dismissing Brzowski's Petition and this action pending further input from defense counsel. This Court orders defense counsel to file a response to Brzowski's most recent filings (Dkt. Nos. 11 through 14) on or before January 20, 2017, after which this Court can determine the appropriate course of action to follow.

That in turn prompted a further filing by Brzowski, received in the Clerk's Office on January 11, 2017, followed by respondent Warden Melvin's "Reply in Support of Motion To Dismiss Habeas Corpus Petition as Unexhausted." That Reply relied (just as this Court's Order had done, based on the state of the record as then known to it) on the Supreme Court's decision in <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999). And <u>O'Sullivan</u> has become the gospel reading of the statutory requirement of exhaustion.

Here then is the limitation imposed by the Section 2254(b)(1)(A) exhaustion requirement, as set out in Section 2254(c) (with emphasis added):

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, <u>by any available procedure</u>, the question presented.

And as <u>O'Sullivan</u>, 526 U.S. at 844 has explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the

state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

In this instance a state court habeas corpus petition is clearly an "available procedure" under Illinois law -- just look at 735 ILCS 5/10-102:

> Every person imprisoned or otherwise restrained of his or her liberty, except as herein otherwise provided, may apply for habeas corpus in the manner provided in Article X of this Act, to obtain relief from such imprisonment or restraint, if it proved to be unlawful.

And as respondent Warden Melvin's original December 1, 2016 "Motion To Dismiss Habeas Petition as Unexhausted" has pointed out at its page 2, Brzowski has failed to satisfy the O'Sullivan v. Boerckel requirement.

Accordingly Brzowski's belatedly-discovered filings have not changed the result initially reached by this Court: Section 2254 cannot serve as a potential source of relief for Brzowski. In short, this action is barred by his failure to exhaust "remedies available in the courts of the State" (Section 2254(b)(1)(A)), and it is therefore dismissed. Lastly, as called for by Rule 11(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts, this Court also denies a certificate of appealability, and it advises Brzowski that he may seek such a certificate from our Court of Appeals under Fed. R. App. P. 22.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 24, 2017