IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WALTER J. BRZOWSKI**, M29120, ) | |
| ) | |
| Petitioner-Appellant. ) | |
| ) | |
| v. ) | Court of Appeals Case No. 17-1289 |
| ) | (District Court Case No. 16 C 9961) |
| **MICHAEL MELVIN**, Warden, ) | |
| ) | |
| Respondent-Appellee. ) | |

## MEMORANDUM ORDER

Promptly after the 28 U.S.C. § 2254 Petition for Habeas Corpus ("Petition") brought by pro se prisoner Walter Brzowski ("Brzowski"), originally filed in the United States District Court for the Central District of Illinois, had been transferred to this Northern District and assigned at random to this Court's calendar, this Court reviewed the Petition as called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issued a brief November 4, 2016 memorandum order requiring the Illinois Attorney General's Office to file an answer to the Petition, with an initial status hearing set one week after the due date of that answer. That response, filed a bit over a week before its due date, took the form of a motion to dismiss the Petition that focused on Brzowski's asserted failure to satisfy the basic requirement of having to raise his claims throughout one complete round of available state remedies as mandated by O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This Court's effort to determine the viability or lack of viability of Brzowski's Petition in that respect was briefly sidetracked when its review of the case docket revealed nothing shown to have been filed by Brzowski within the time frame that this Court had given him to respond to that motion to dismiss, so that

this Court waited some three weeks beyond the scheduled due date for his response and then issued a December 23 memorandum order that dismissed the Complaint and this action itself on that ground.

But it turned out that there had been an unexplained breakdown in this District Court's computerized record-keeping system, because this Court's regular review of ECF filings over the ensuing December 24 to 26 weekend revealed that on December 12 Brzowski had in fact filed several self-prepared responsive documents that had not reached the docket for some reason. Consequently this Court swiftly issued another memorandum order just a few days later (on December 28) that vacated the mistakenly-ordered dismissal and ordered defense counsel to file a response to those Brzowski filings on or before January 20, 2017. And that response revealed that Brzowski's effort to turn to the federal courts for relief had indeed flunked the O'Sullivan v. Boerckel requirement, for he had totally failed to avail himself of the state court habeas corpus remedy described by 735 ILCS 5/10-102.

Now Brzowski has sought to appeal the resulting dismissal of his Petition and, in conjunction with that appeal, he has sought in forma pauperis ("IFP") status. Thomas v. Zabecky, 712 F.3d 1004, 1004-05 (7th Cir. 2013) teaches that Section 2254 cases do not come within the purview of the special fee arrangement that 28 U.S.C. § 1915 establishes for many pro se prisoner actions. So with our Court of Appeals having issued a March 8 order transferring that IFP motion to the District Court for determination, this Court has turned to that task.

Although Brzowski's Affidavit Accompanying Motion for Permission To Appeal In Forma Pauperis, prepared on the form provided by the Court of Appeals, reveals his financial inability to pay the filing fee up front, it also includes his hand-printed description of his issues on appeal -- a statement that is totally silent on the O'Sullivan v. Boerckel roadblock to his

action, devoting itself instead to his substantive claim of having assertedly been imprisoned beyond the time for his release under state law. In this Court's view, that renders his appeal legally frivolous because of its total failure to come to grips with the most fundamental defect in his case from the federal perspective. This Court accordingly denies Brzowski's IFP motion, reminding him (as the Court of Appeals' March 8 order has already done) of his consequent need to refile that motion before the Court of Appeals pursuant to Fed. R. App. P. 24.

                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: March 10, 2017